UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ANTWAUN BERNARD KIRKSEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV-11-BE-4010-E |
| | ) |
| CUSTOM METALCRAFT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This products liability case is before the court on "Motion to Dismiss" (doc. 34) filed by defendant Guntersville Sheet Metal Works, Inc. (GSM) on February 19, 2013, and GSM's "Supplemental Motion to Dismiss" (doc. 37). After the filing of the original motion to dismiss and before the filing of the second, the court entered an Order to Show Cause (doc. 35), requesting that the plaintiff show cause in writing on or before March 6, 2013 why the motion should not be granted. On March 6, 2013, the plaintiff filed a response (doc. 36) addressing the motion to dismiss. Shortly thereafter, GSM filed the supplemental motion, which appears to supercede the original motion to dismiss. The court entered an order (doc. 38), giving the plaintiff until April 8, 2013 to file a further response, if necessary, and the plaintiff has not done so. In light of the filing of the supplemental motion, the court FINDS the original motion to dismiss (doc. 34) to be MOOT. The court will proceed to address the supplemental motion to dismiss and will consider the plaintiff's response to the original motion to dismiss to the extent that it also applies to the supplemental motion.

In its motion to dismiss as supplemented, GSM alleges that the plaintiff's suit against it

1

is barred by a two year statute of limitations, because plaintiff filed the amendment adding it as a defendant after Alabama's statute of limitation for products liability claims expired. The plaintiff claimed that the amendment adding GSM related back, and, thus, is timely.  For the reasons stated below, the court FINDS that the supplemental motion is due to be GRANTED because the amendment adding GSM does not relate back, and therefore, the claims against GSM are barred by the applicable statute of limitations.

As background, the plaintiff claims to have suffered an injury while cleaning a cooker on **November 24, 2009.** He filed the original complaint in this case on **November 24[1], 2011** and named another defendant, Custom MetalCraft, Inc. as the sole defendant, claiming that Custom MetalCraft was liable for the plaintiff's injuries under the Alabama Extended Manufacturer's Liability Doctrine.  In diversity cases such as the one at bar, the statutes of limitations for the state in which the federal court sits govern the determination of whether a plaintiff timely files the action. *Anderson v. Papillion,* 445 F.2d 841, 842 (5th Cir. 1971) (stating that "a federal court in a diversity case [is prohibited] from giving a cause of action a longer life than it would have had in the state court").[2]  Alabama law provides that an action under the AEMLD must be brought within two years.  Ala. Code § 6-2-38(1) ("All actions for an injury to the person or

---

[1] A dispute exists regarding the exact date that the plaintiff filed the original complaint. Defendant's Supplemental Motion to Dismiss states that November 24, 2011 was the date of filing (*see* Doc. 37, at 2, ¶4).  Because the defendant accepts that date and does not dispute that the original complaint was timely filed, the court will also accept that date and assume that the plaintiff timely filed the original complaint.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."); *see Spain v. Brown & Williamson Tobacco Corp.,* 230 F.3d 1300, 1305 (11th Cir. 2000) (citing Ala. Code § 6-2-38(1) as the governing provision for a claim under the AEMLD). Thus, the plaintiff timely filed the original complaint within the two-year period. However, he did not file the amended complaint adding GSM, a new defendant, until **January 18, 2013,** more than three years after the injury made the basis of this suit. The amended complaint would be barred by the statute of limitations unless it relates back to the original filing. The plaintiff says it does, and the defendant says it does not. The court will turn to Rule 15(c) to determine which party is correct.

Federal Rule of Civil Procedure 15(c) states that an amendment will relate back to the date of the original pleading when

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15 (c)(1)(B)-(C). Because the relation-back issue here involves a change of party, the court follows the requirements Rule 15(c) and turns first to Rule 4(m) of the Federal Rules of Civil Procedure.

Rule 4(m) dictates that a defendant must be served within 120 days of the original complaint being filed. Thus, according to Rule 15(c) and Rule 4(m), an amended complaint will

3

relate back to bring in a new party if the new party, within 120 days of the original complaint, "both (1) received notice of the action, such that it would not be prejudiced in defending on the merits, and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." *Mendez v. Jarden Corp.*, 2013 WL 191980, *5 (11th Cir. 2013) (citing Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii)); *see also Nobles v. Rural Cmty. Ins. Servs.*, 303 F. Supp. 2d 1279 (M.D. Ala. 2004).

In the instant case, then, the amended complaint naming GSM as a new party relates back only if by **March 2012** – within 120 days of filing the original complaint – GSM both received notice of the action and knew or should have known that action should have been brought against it but for the mistake in identifying the correct defendant. While the plaintiff did not respond to the Supplemental Motion, he did claim in his response to the initial Motion to Dismiss for statute of limitations that GSM knew or should have known about the action "because GSM employees rebuilt a new cooker without a limit switch in 2007 before the plaintiff was injured in November 24, 2009." (Doc. 36, ¶ 9). This argument fails. The fact that GSM rebuilt a new cook in 2007 does not automatically establish that GSM had notice of the lawsuit or that it should have known the plaintiff would have sued GSM but for a mistake in the identity of the defendant.

Further, the plaintiff attempts to use the filing of the suit against Custom Metalcraft – without more – as sufficient notice to GSM to establish the amendment's relation back. Once again, the plaintiff ignores the specific requirements of Rule 15(c). As to the first requirement of notice of the action, filing a lawsuit against another party does not automatically provide *constructive* notice to the proper party of the lawsuit, and no evidence exists that GSM had *actual* notice of the filing. The plaintiff, in his Motion to Amend Complaint to Add Newly

Discovered Defendant, filed on January 4, 2013, admits that he discovered GSM to be the seller of the allegedly defective cooker on **September 14, 2012.** While the record seems to suggest that one or more of the parties subpoenaed documents from GSM and took depositions of GSM employees **following** this discovery in September of 2012, no evidence or even bare allegation exists that GSM had notice of the action until September 2012.  Indeed, no evidence even exists that GSM had notice of the *incident* made the basis of the suit until September 2012 or afterwards.  September 2012 is well after the relation-back deadline of March 2012, calculated by applying the requirements of Rules 15(c) and 4(m) that notice must be provided by 120 days of the filing of the original complaint.   Thus, even assuming *arguendo* that the plaintiff's discovery of the correct party in September of 2012 and/or GSM's notice of the lawsuit filed against Custom MetalCraft and the issuance of discovery involving GSM in September of 2012 somehow provided notice to GSM in September 2012 that it was the proper defendant and would have been sued absent a mistake in the defendant's identity, any such notice would have occurred after the March 2012 deadline for relation-back, rendering the current amendment adding a party untimely.

      The court also notes that the plaintiff provides no reason for waiting almost four months after it discovered GSM to be the seller before it filed the amendment adding GSM as a defendant, but, as discussed above, even if the plaintiff had immediately filed the amendment adding GSM in September of 2012, that filing nevertheless would have been time-barred.

      The court FINDS that the amended complaint does not relate back to the date of the original complaint, and thus, the claims against GSM are barred by the applicable statute of limitations.  Because the amended complaint was filed well beyond the two-year statute of

limitations and does not relate back to the filing of the original complaint, the court FINDS the Supplemental Motion to Dismiss is due to be GRANTED and GSM is due to be DISMISSED WITH PREJUDICE as a party defendant.  Because the plaintiff has dismissed the other defendant in this case and no claims remain, the court FINDS that this action is due to be DISMISSED WITH PREJUDICE. Costs will be taxed as paid.

Dated this 30th day of May, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE